IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 07-cv-02445-LTB-MJW

GREENWICH INSURANCE COMPANY,

          Plaintiff,

v.

THE DANIEL LAW FIRM, a Colorado Limited Liability Company;
ROYAL DANIEL III;
BELL REAL ESTATE, LLC, a Colorado Limited Liability Company;
LEVEL 1, LLC, a Colorado Limited Liability Company;
GALOYA FOUTA, INC., a Colorado Corporation;
DJIBRILL DIALLO;
MARK and SUSAN NEWKIRK;
RICHARD and JANEEN YANKOWSKI,

          Defendants.

___

ORDER FOR ENTRY OF DEFAULT JUDGMENT
___

This matter is before me on a Motion for Default Judgment [**Doc # 33**] filed by Plaintiff, Greenwich Insurance Co., seeking relief in the form of a declaratory judgment against Defendants The Daniel Law Firm, Royal Daniel III, Galoya Fouta, Inc., Djibrill Diallo, and Richard & Janeen Yankowski. No opposition to this motion has been filed. After considering the factual allegations in the complaint as true, as well as the undisputed affidavits and exhibits attached to this motion, I GRANT the motion for default judgment and, as a result, enter declaratory judgment in favor of Plaintiff.

**I. BACKGROUND**

The sole attorney practicing with The Daniel Law Firm was Royal Daniel III. The Daniel Law Firm was issued a professional liability insurance policy (Policy # XlP95 048 49) by

Greenwich.  On April 27, 2007, Mr. Daniel disappeared and apparently absconded with client funds.  As a result, several clients of The Daniels Law Firm – including Defendants Bell Real Estate, LLC, Level 1, LLC, Galoya Fouta, Inc., Djibrill Diallo, Mark & Susan Newkirk, and Richard & Janeen Yankowski (the "clients") – made claims for the missing funds against the professional liability policy.

Thereafter, on November 21, 2007, Greenwich filed this suit seeking declaratory relief, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et. seq.* and Fed. R. Civ. P. 57, that the professional liability policy at issue does not provide coverage for the clients' claim against The Daniel Law Firm.  Three of the defendants – Bell Real Estate, LLC, Level 1, LLC and Mark & Susan Newkirk – have filed answers and, as such, Greenwich is not seeking default judgment against those defendants.

However, Defendants The Daniel Law Firm and Royal Daniel III, and the client Defendants Galoya Fouta, Inc., Djibrill Diallo, and Richard & Janeen Yankowski (collectively, the "Defaulting Defendants"), did not file responsive pleadings and, as a result, the clerk has entered a default against each of them for failure to respond pursuant to Fed. R. Civ. P. 55(a).  Greenwich now seeks entry of default judgment against the Defaulting Defendants.  Specifically, Greenwich seeks a declaration that the professional liability insurance policy at issue does not provide coverage for The Daniel Law Firm and Royal Daniel for the claims asserted by Galoya Fouta, Inc., Djibrill Diallo, and Richard & Janeen Yankowski.

## II.  APPLICABLE LAW

Default judgment may enter against a party who fails to appear or otherwise defend pursuant to Fed.R.Civ.P. 55.  Even after entry of default, however, it remains for the court to

consider whether the unchallenged facts constitute a legitimate basis for the entry of a judgment. *See McCabe v. Campos*, 2008 WL 576245 (D.Colo. 2008)(*citing Black v. Lane,* 22 F.3d 1395, 1407 (7th Cir.1994)). In determining whether a claim for relief has been established, the well-pleaded facts of the complaint are deemed true. *Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.,* 722 F.2d 1319, 1323 (7th Cir.1983); *see also DIRECTV, Inc. v. Bloniarz,* 336 F.Supp.2d 723, 725 (W.D. Mich.2004)("[i]t is well-established that once a default is entered against a defendant, that party is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability"). In addition, the court accepts the undisputed facts set forth in the affidavits and exhibits. *Deery American Corp. v. Artco Equipment Sales, Inc.,* 2003 WL 437762 (D. Colo. 2007).

Fed. R. Civ. P. 55(b)(2) provides that: "[t]he court may conduct hearings . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter."

"[A] party is not entitled to a default judgment as of right; rather the entry of a default judgment is entrusted to the 'sound judicial discretion' of the court." *Cablevision of Southern Connecticut, Limited Partnership v. Smith*, 141 F.Supp.2d 277, 281 (D.Conn.2001). A trial court is vested with broad discretion in deciding whether to enter a default judgment. *Grandbouche v. Clancy,* 825 F.2d 1463, 1468 (10th Cir.1987); *see also Weft, Inc. v. G.C. Investment Assocs.*, 630 F.Supp. 1138, 1143 (D.C.N.C.1986)("upon a default, a plaintiff is entitled to a determination of liability unless he has failed to state a legal basis for relief or it is clear from the face of the complaint that the allegations are not susceptible of proof").

## III. UNCHALLENGED FACTS:

### A. Jurisdiction

Jurisdiction for this matter is proper with this Court as Greenwich asserts a claim for declaratory relief pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et. seq.* and Fed. R. Civ. P. 57. Jurisdiction may also supported by 28 U.S.C. §1332.

The Daniel Law Firm is a Colorado limited liability company and is not an infant, an incompetent person, or in military service. Royal Daniel is not an infant, an incompetent person, or in military service. Galoya Fouta Inc. is a Colorado corporation and is not an infant, an incompetent person, or in military service. Djibrill Diallo, and Richard & JaneenYankowski are not infants, incompetent persons, or in military service.

### B. Policy & Claims

Greenwich issued a professional liability policy to The Daniel Law Firm, policy number XLP95 048 49, providing a policy period of July 1, 2006 to July 1, 2007. Royal Daniel was an insured under the policy. The policy is a "claims made policy" that provided $1,000,000 limits of liability for each claim with an aggregate policy period limit of $1,000,000.

On April 27, 2007, Royal Daniel disappeared from Breckenridge, Colorado. Law enforcement investigated Royal Daniel's disappearance but have been unable to locate him. It appears that Royal Daniel left Breckenridge with funds that he misappropriated from his clients. An arrest warrant has since issued for Royal Daniel for theft.

On July 31, 2007, Greenwich received correspondence from counsel for Richard & Janeen Yankowski asserting a claim against the policy. In the letter, the Yankowskis alleged that they

loaned Royal Daniel approximately $200,000, which was to be secured by a lien on his home, and that Royal Daniel, acting as their attorney, prepared a promissory note and deed of trust, but failed to inform them of the conflict or to record the deed. They allege that Royal Daniel then sold his home and stopped paying on the promissory note, resulting in a loss.

Also on July 31, 2007, Greenwich received correspondence from counsel for Djibrill Diallo and Galoya Fouta, Inc. asserting a claim against the policy. Djibrill Diallo alleged that it retained Royal Daniel to locate missing funds of Galoya Fouta, Inc. They further assert that Royal Daniel "may have been the party who took the money."

Greenwich has attempted to contact Royal Daniel to discuss the claims that have been made, but such attempts were unsuccessful due to his disappearance. Neither Royal Daniel nor any other representative of The Daniel Law Firm has ever contacted Greenwich to discuss these claims, assist in the investigation, or assist in the defense of these claims. Thereafter, on October 4, 2007, Greenwich informed the Defendant clients that the policy did not provide coverage for their respective claims because they were made after July 1, 2007, and that the policy did not cover the misappropriation of funds.

As discussed above, Greenwich then filed this suit seeking declaratory relief. In its complaint for declaratory relief, Greenwich alleges that based on the terms and conditions of the professional liability policy at issue, it does not provide coverage to their claims against The Daniel Firm and Royal Daniel. After the Defaulting Defendants failed to file responsive pleadings, the clerk entered default against each of them for failure to respond pursuant to Fed. R. Civ. P. 55(a).

## IV. ANALYSIS

The policy at issue provides, in relevant part, that it does not apply to "[a]ny claim arising out of a criminal, intentionally wrongful, fraudulent or malicious act or omission." It further provides that the policy likewise does not apply to "[a]ny claim arising out of the loss or destruction of or diminution in the value of any asset in [the insured's] care, custody or control, or out of the misappropriation of or failure to give an account of any asset in [the insured's] care, custody, or control, including the commingling of client funds."

The allegations in the complaint – which are deemed true for the purposes of this motion by the Defaulting Defendants in that by their defaults they have admitted all facts therein – are that Royal Daniel misappropriated the funds that are the basis for the claims made by Djibrill Diallo, Galoya Fouta, Inc., and Richard and Janeen Yankowski. As such, the professional liability policy at issue does not apply to their claims pursuant to the above exclusions. As a result, I find that a hearing on the matter, pursuant to Fed. R. Civ. P. 55(b)(2) is not necessary.

ACCORDINGLY, I GRANT Plaintiff's Motion for Default Judgment Against Defendants The Daniel Law Firm, Royal Daniel III, Galoya Fouta, Inc., Djibrill Diallo, and Richard and Janeen Yankowski. [**Doc # 33**] As a result, I ORDER that DEFAULT JUDGMENT is entered in favor of Plaintiff Greenwich Insurance Company and against Defendants The Daniel Law Firm, Royal Daniel III, Galoya Fouta, Inc., Djibrill Diallo, and Richard and Janeen Yankowski in that I DECLARE that the professional liability policy at issue (Policy # XlP95 048 49) does not provide coverage for Defendants The Daniel Law Firm and Defendant Royal Daniel III related to the

claims asserted against the policy by Defendants Galoya Fouta, Inc., Djibrill Diallo, and Richard and Janeen Yankowski.

Dated: March   24  , 2008,  in Denver, Colorado.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE