IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO


GREENWICH INSURANCE COMPANY, Plaintiff,   )
 )
vs. )
 )    Civil Action No.
 )  07-cv-02445-LTB-MJW
THE DANIEL LAW FIRM, a Colorado Limited )
Liability Company; ROYAL DANIEL III; )
BELL REAL ESTATE, LLC, a Colorado Limited )
Liability Company; LEVEL 1, LLC, a Colorado )
Limited Liability Company; GALOYA FOUTA, INC., )
a Colorado Corporation; DJIBRILL DIALLO; MARK )
and SUSAN NEWKIRK; RICHARD and JANEEN )
YANKOWSKI, Defendants. )

---

**ORDER RE: DEFAULT JUDGMENT AGAINST THE DANIEL LAW FIRM AND ROYAL
DANIEL WITH RESPECT TO BELL, LEVEL 1, AND NEWKIRK CLAIMS**

---

This matter is before me on a Motion for Default Judgment filed by Plaintiff Greenwich

Insurance Company, seeking relief in the form a declaratory judgment against Defendants The

Daniel Law Firm and Royal Daniel III. After considering the factual allegations in the complaint

as true, as well as the undisputed affidavits and exhibits attached to this motion, I GRANT the

motion for default judgment and, as a result, enter declaratory judgment in favor of Plaintiff.

## I.  BACKGROUND

The sole attorney practicing with The Daniel Law Firm was Royal Daniel III. The Daniel

Law Firm was issued a professional liability insurance policy (Policy # X1P95 048 49) by

Greenwich. On April 27, 2007, Mr. Daniel disappeared and apparently absconded with client

funds. As a result, several clients of The Daniel Law Firm – including Defendants Bell Real

Estate, LLC, ("Bell"), Level 1, LLC, ("Level 1"), Galoya Fouta, Inc., Djibrill Diallo, Mark and

Susan Newkirk ("Newkriks"), and Richard and Janeen Yankowski (the "clients") – made claims for the missing funds against the professional liability policy.

Thereafter, on November 21, 2007, Greenwich filed this suit seeking declaratory relief, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et. seq.* and Fed. R. Civ. P. 57, that the professional liability policy at issue does not provide coverage for the clients' claim against The Daniel Law Firm.

Defendants The Daniel Law Firm and Royal Daniel III did not file responsive pleadings and, as a result, the clerk has entered a default judgment against each of them for failure to respond pursuant to Fed. R. Civ. P. 55(a). I previously entered a default judgment against The Daniel Law Firm and Royal Daniel III holding the professional liability policy issued by Greenwich did not afford coverage for the claims asserted by Galoya Fouta, Inc., Djibrill Diallo and Richard and Janeen Yankowksi.

Greenwich now seeks entry of default judgment against The Daniel Law Firm and Royal Daniel with respect to the claims of Bell, Level 1, and the Newkirks. Specifically, Greenwich seeks a declaration that the professional liability insurance policy at issue does not provide coverage for The Daniel Law Firm and Royal Daniel for the claims asserted by Bell, Level 1, and the Newkirks.

## II. APPLICABLE LAW

Default Judgment may enter against a party who fails to appear or otherwise defend pursuant to Fed.R.Civ.P. 55. Even after entry of default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate basis for the entry of a judgment. *See McCabe v. Campos*, 2008 WL 576245 (D.Colo. 2008)(citing *Black v. Lane*, 22 F.3d 1395,

1407 (7th Cir.1994)). In determining whether a claim for relief has been established, the well-pleaded facts of the complaint are deemed true. *Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.* 722 F.2d 1319, 1323 (7th Cir.1983); *see also DIRECTV, Inc. v. Bloniarz*, 336 F.Supp.2d 723, 725 (W.D. Mich.2004)("[i]t is well-established that once a default is entered against a defendant, that party is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability"). In addition, the court accepts the undisputed facts set forth in the affidavits and exhibits. *Deery American Corp. v. Artco Equipment Sales, Inc.,* 2003 WL 437762 (D. Colo. 2007).

Fed. R. Civ. P. 55(b)(2) provides that: "[t]he court may conduct hearings . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of the damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter."

"[A] party is not entitled to a default judgment as of right; rather the entry of a default judgment is entrusted to the 'sound judicial discretion' of the court." *Cablevision of Southern Connecticut, Limited Liability Partnership v. Smith*, 141 F.Supp.2d 277, 281 (D.Conn.2001). A trial court is vested with broad discretion in deciding whether to enter a default judgment. *Grandbouche v. Clancy,* 825 F.2d 1468 (10th Cir.1987); *see also Weft, Inc. v. G.C. Investment Assocs.,* 630 F.Supp. 1143 (D.C.N.C.1986)("upon a default, a plaintiff is entitled to a determination of liability unless he has failed to state a legal basis for relief or it is clear from the face of the complaint that the allegations are not susceptible of "proof").

## III.  UNCHALLENGED FACTS

### A.  Jurisdiction

Jurisdiction for this matter is proper with this Court as Greenwich asserts a claim for declaratory relief pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et. seq.* and Fed. R. Civ. P. 57. Jurisdiction may also supported by 28 U.S.C. § 1332.

The Daniel Law Firm is a Colorado limited liability company and is not an infant, an incompetent person, or in military service. Royal Daniel is not an infant, an incompetent person, or in military service.

### B.  Policy & Claims

Greenwich issued a professional liability policy to The Daniel Law Firm, policy number XLP95 048 49, providing a policy period of July 1, 2006 to July 1, 2007. Royal Daniel was an insured under the policy. The policy is a "claims made policy" that provided $1,000,000 limits of liability for each claim with an aggregate policy period limit of $1,000,000.

On April 27, 2007, Royal Daniel disappeared from Breckenridge, Colorado. Law enforcement investigated Royal Daniel's disappearance but have been unable to locate him. It appears that Royal Daniel left Breckenridge with funds that he misappropriated from his clients. An arrest warrant has since issued for Royal Daniel for theft.

Greenwich has attempted to contact Royal Daniel to discuss the claims that have been made, but such attempts were unsuccessful due to his disappearance. Neither Royal Daniel nor any other representative of The Daniel Law Firm has ever contacted Greenwich to discuss these claims, assist in the investigation, or assist in the defense of these claims. Thereafter, on October 4, 2007, Greenwich informed the Defendant clients that the policy did not provide coverage for

their respective claims because the policy did not cover the misappropriation of funds.

As discussed above, Greenwich then filed this suit seeking declaratory relief. In its complaint for declaratory relief, Greenwich alleges that based on the terms and conditions of the professional liability policy at issue, it does not provide coverage to the claims made against The Daniel Law Firm and Royal Daniel. After Royal Daniel and the Daniel Law Firm failed to file responsive pleadings, the clerk entered default judgment against each of them for failure to respond pursuant to Fed. R. Civ. P. 55(a).

## IV. ANALYSIS

The policy at issue provides, in relevant part, that it does not apply to "[a]ny claim arising out of a criminal, intentionally wrongful, fraudulent or malicious act or omission." It further provides that the policy likewise does not apply to "[a]ny claim arising out of the loss or destruction of or diminution in the value of any asset in [the insured's] care, custody or control, or out of the misappropriation of or failure to give an account of any asset in [the insured's] care, custody, or control, including the commingling of client funds."

The allegations in the complaint – which are deemed true for the purposes of this motion by the Defaulting Defendants in that by their defaults they have admitted all facts therein – are that Royal Daniel misappropriated the funds that are the basis for the claims made by Bell, Level 1, and the Newkirks. As such, the professional liability policy at issue does not apply to their claims pursuant to the above exclusions. As a result, I find that a hearing on the matter, pursuant to Fed. R. Civ. P. 55(b)(2) is not necessary.

ACCORDINGLY, I GRANT Plaintiff's Motion for Default Judgment Against Defendants The Daniel Law Firm and Royal Daniel III. As a result, I ORDER that DEFAULT

5

JUDGMENT is entered in favor of Plaintiff Greenwich Insurance Company and against

Defendants The Daniel Law Firm and Royal Daniel III in that I DECLARE that the professional

liability policy at issue (Policy # X1P95 048 49) does not provide coverage for Defendants The

Daniel Law Firm and Defendant Royal Daniel III related to the claims asserted by Defendants

Bell, Level 1, and the Newkirks.

     Dated this __3rd__ day of ___December___ ,2008, in Denver, Colorado


                                   BY THE COURT:


                                   __s/Lewis T. Babcock_____
                                   United States District Court Judge